UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID M. VINCENT,          * | |
|                                                * | |
|         Plaintiff,       * | |
|         v.                      * | |
|                                                * | Civil Action No. 20-cv-11014-WGY |
| SHERIFF HODGSON,          * | |
|                                                * | |
|         Defendant.       * | |
|                                                * | |

<u>ORDER</u>

January 11, 2021

YOUNG, D.J.

On May 25, 2020, the Clerk received a two-page letter (#1) from David M. Vincent, who is currently confined at the Bristol County House of Correction as a pretrial detainee. In the letter, Vincent represents that he is suffering from chronic obstructive pulmonary disease, a lung infection, arthritis, bipolar disorder, and depression. He states that he is not receiving effective medical treatment. According to Vincent, "Sheriff Hodgson does not care about any person who breaks the law." Vincent asks to be released "under the Corona Virus Law." He adds: "I do not want to get the Corona Virus or die from it either in here. We all have a right to live." Vincent represents that he is "on S.S.I." and that he can afford a $1,000 bail, but not the $5,000 bail set by the state court.

In a second two-page letter (#3) filed on June 12, 2020, Vincent elaborates on his past homelessness and the absence of any proper medication for his bipolar order for the past five years. According to Vincent, if he is not provided the proper medication, he will "fail" and "be back in prison." He concludes: "At this time I ask of you for a proper bail reduction to lower

my bail to $2,500 half of the $5,000 on me now  They just gave me a new attorney.  Please help me.  Everyone else got proper help through the Corona Virus law."

Construing Vincent's letters as a request for habeas relief, this Court declines to consider whether Vincent is entitled to release or a reduction in bail.  Whether the Court treats this action as a petition under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, it is incumbent on Vincent to exhaust his state remedies before seeking relief in federal court.  The Supreme Judicial Court has set forth the process for doing so in Committee for Public Counsel Services v. Chief Justice of the Trial Court, 484 Mass. 431 (Apr. 3, 2020).

Accordingly, the request for habeas relief is DENIED and this action is DISMISSED.[1]

**SO ORDERED.**

                                                           /s/ William G. Young
                                                          William G. Young
                                                          United States District Judge

Dated:  1/11/2021

---

[1] The denial of Vincent's request for habeas relief does not have any effect on his ability to bring a separate civil rights action challenging the conditions of his confinement.  In such an action, he may seek damages or injunctive relief.